IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ZACHARY WILLIAM JARDINE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 06-510-S-MHW |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| GARY BARRIER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. The parties have consented to a United States Magistrate Judge exercising jurisdiction to enter all orders, including final judgment, in accordance with 28 U.S.C. § 636(c). (Docket No. 6.)

For the reasons that follow, the Court concludes that an evidentiary hearing is necessary to resolve Petitioner's claim that his alleged innocence excuses both the untimeliness of his Petition and the procedural default of his habeas claim. Accordingly, the Court shall deny Respondent's Motion for Summary Dismissal without prejudice, but it shall revisit whether the Petition must be dismissed on procedural grounds after the evidentiary hearing has concluded.

## BACKGROUND

In December 1997, the State of Idaho charged Petitioner with two counts of "male rape" based upon allegations from Petitioner's fourteen-year-old brother that Petitioner

**ORDER - 1**

had repeatedly sexually assaulted him. (State's Lodging A-2.) At a pretrial conference, Petitioner agreed to plead guilty to one count, while maintaining his innocence under *North Carolina v. Alford*, 400 U.S. 25 (1970), and the State dismissed the second count. (State's Lodging A-20.) Despite entering an *Alford* plea, Petitioner admitted during a subsequent psychological evaluation that he had sexually abused his brother on several occasions. (State's Lodging A-35, pp. 5-6; Psychological Evaluation, pp. 8-9.)

The district court sentenced Petitioner to a unified term of ten years in prison, with the first two years fixed. (State's Lodging A-30.) Petitioner filed a motion to reduce his sentence but later withdrew that motion. (State's Lodgings A-32, A-33.) He did not appeal.

Seven years later, in January 2005, Petitioner's brother recanted all of his original accusations. In a sworn affidavit, he claimed that he had fabricated the allegations while he was participating in court-ordered therapy related to his own juvenile charge of sexual misconduct. (State's Lodging A-42.) He asserted that he felt pressure to claim that he had been sexually assaulted, and he had noticed how other participants in counseling sessions had received benefits after revealing that they had been molested. (State's Lodging A-42, ¶ 3.) He claimed that he did not retract the story for several years because he was afraid of the consequences, but he eventually realized that he needed to "report what [he] had done" so he could get his own life in order. (State's Lodging A-42, ¶¶ 5, 11, 13.)

Based on this new evidence, Petitioner sought a commutation of his sentence from

**ORDER - 2**

the Idaho Commission of Pardons and Parole. (State's Lodging B-2.) That request was denied without comment, apparently in October 2005. With the assistance of counsel, Petitioner initiated the current habeas action on December 18, 2006. In his Petition, he claims that he was deprived of his Sixth Amendment right to the effective assistance of counsel before and after he entered his *Alford* plea. (Docket No. 1, pp. 2-3.)

Respondent has submitted the pending Motion for Summary Dismissal, in which he argues that the Petition was filed beyond the expiration of the one-year statute of limitations and that the claim of ineffective assistance of counsel, which has never been raised in state court, would now be procedurally barred under state law and is therefore defaulted in this proceeding. Petitioner counters that his brother's recantation proves that he is actually innocent, which he contends serves both as a reason to toll the limitations period and to ignore any procedural default. The Court has reviewed the parties' briefing and the record, and it is enters the following order.[1]

## LEGAL STANDARDS

Habeas petitions filed after the enactment of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA), as here, are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The one-year period generally runs from the date on which the judgment of conviction became final in state court, either upon completion of a direct

---

[1] Respondent's request to strike the Affidavit of Royce B. Lee in Response to Reply Brief shall be denied (Docket No. 17, pp. 2-3), as the Court finds a lack of prejudice to Respondent. In the future, however, Petitioner's counsel is advised to follow the proper rules and procedures in submitting documents to the Court.

**ORDER - 3**

appeal or after the time for seeking an appeal has expired.  28 U.S.C. § 2244(d)(1)(A).

The statute provides for tolling of the limitations period for all of  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The limitations period also may be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling").  *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).  A litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

In addition to filing within the one-year limitations period, a habeas petitioner must also have exhausted all of his potential state court remedies.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A petitioner can satisfy this requirement by showing either (1) that he "fairly presented" his federal claim in a procedurally appropriate manner to the highest state court with jurisdiction to consider it, or (2) that no state court remedy remains available to him when he arrives at the federal court.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

If a constitutional claim has never been raised in state court, and it is now clear that the state court would apply an independent and adequate state procedural ground to dismiss any new action, the petitioner has technically, but improperly, satisfied the exhaustion requirement, and such a claim is considered to be procedurally defaulted.  *See,*

**ORDER - 4**

*e.g., Gray v. Netherland*, 518 U.S. 152, 161 (1996).  A procedurally defaulted claim cannot be heard on the merits unless the petitioner can show cause for the default and actual prejudice, or he can establish that a fundamental miscarriage of justice has occurred, meaning that a non-harmless constitutional error has probably resulted in the conviction of an innocent person.  *Id*.

## DISCUSSION

The state district court entered its judgment of conviction in this case on July 8, 1998.  (State's Lodging A-30.)  Petitioner filed a motion to reduce his sentence two days later, but he withdrew that motion on September 1, 1998.  (State's Lodging A-33.)  Under Idaho law, the time for filing a direct appeal expired 42 days later, on October 13, 1998. *See* Idaho Appellate Rule 14(a).  Petitioner did not file an application for post-conviction or other collateral relief that would have statutorily tolled the limitations period under 28 U.S.C. § 2244(d)(2).  Absent tolling for equitable reasons, the limitations period expired on October 13, 1999, seven years before the federal Petition was filed.[2]

Additionally, Petitioner has never raised his current claim of ineffective assistance of counsel in the state courts, and any attempt to do so now would be procedurally barred

---

[2] Petitioner does not argue that 28 U.S.C. § 2244(d)(1)(D), the provision governing constitutional claims based on newly discovered evidence, is applicable to this case.  Although he relies on newly discovered evidence to support his assertion that he is actually innocent, this is a procedural claim, and his *substantive* claim is that his counsel was constitutionally deficient. The factual predicate for this claim should have been known to him in 1998.
   Even if § 2244(d)(1)(D) were applicable, though, the one year period would have expired, at the latest, in January 2006, one year after Petitioner's brother's recantation became known.  The Petition was not filed for another eleven months.

**ORDER - 5**

under state law.  *See* Idaho Code § 19-4902(a) (an application for post-conviction relief must be filed within one year after the direct appeal or after the time to appeal has expired).  Therefore, even if the Petition were deemed to be timely, the constitutional claim would be procedurally defaulted.

      Petitioner appears to acknowledges these deficiencies, but he argues that the procedural bars must be lifted in this proceeding because he is actually innocent of the crime for which he was convicted.  In support, he relies primarily on this brother's recantation, combined with what he perceives to be an absence of evidence corroborating the original charges in 1998.  He also points to a 2005 polygraph examination that purportedly showed that his brother was not being deceptive.  At the very least, according to Petitioner, the Court should hold an evidentiary hearing to test his innocence claim before dismissing the case on procedural grounds.  (Docket No. 14, pp. 14-15.)

      Petitioner is correct that a persuasive claim of factual innocence can serve as a gateway through which a habeas petitioner's otherwise *procedurally defaulted* habeas claims may be heard on the merits in federal court.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that, to pass through this gateway, the petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  *Id*. at 315, 324.  This standard has not been altered by AEDPA when a procedural claim of actual innocence arises in an initial habeas petition.  *House v. Bell*,

**ORDER - 6**

126 S.Ct. 2064, 2078 (2006).

Although the Supreme Court has carved out this exception to the doctrine of procedural default, it has not yet addressed whether a habeas petitioner's innocence provides a reason to toll the statute of limitations, and the matter is unsettled in the circuit courts.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (finding a claim of actual innocence not to be a "rare and exceptional" circumstance that warrants tolling); *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002) (holding that actual innocence is limited to equitable tolling considerations); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (same); *Cf. Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005) (finding such an exception).

This is still an open question in the Ninth Circuit.  In *Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002), a panel of the Ninth Circuit declined to rule on the issue, instead remanding the case to the district court for its initial assessment of the quality of the petitioner's claim under the *Schlup* standard.  If the petitioner could meet that standard, then the district court would be required to resolve whether an innocence exception to AEDPA's statute of limitations exists.  The panel noted that "[u]nless and until [the petitioner] establishes under examination and adversarial testing that 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' [citations omitted], we express no opinion on either issue."  *Id*. at 777.

Turning back to the present case, this Court is skeptical of the alleged victim's eleventh-hour change of heart, especially in light of Petitioner's own admissions of guilt,

**ORDER - 7**

*see* State's Lodgings A-35, A-36, but the Court is reluctant to dismiss a sworn recantation that goes to the heart of the State's case without conducting an additional limited inquiry. Therefore, the Court finds that Petitioner has proffered at least a colorable claim of innocence, and it will grant his request for an evidentiary hearing. The Court notes that it is interested primarily in judging the credibility of the recanting witness and his new claims, and it does not wish to hear testimony from a parade of witnesses who have only tangential information to offer. *See Schlup*, 513 U.S. at 332 (1995) (noting that the district court has the discretion "to take testimony from the few key witnesses if it deems that course advisable").

The resolution of Petitioner's innocence claim will be dispositive of whether this habeas case may proceed or must be dismissed. If Petitioner fails to satisfy the *Schlup* standard, or if this Court concludes as a matter of law that there is no innocence exception to the statute of limitations, then the Petition must be dismissed as untimely.[3] Under those circumstances, Respondent's alternative argument that the habeas claim is also procedurally defaulted would be moot. If, on the other hand, Petitioner can meet the *Schlup* standard and the Court were to find that an innocence exception exists, then Petitioner would have necessarily established an excuse both for the untimeliness of his Petition and any procedural default.

To complete the record, the Court shall order Respondent to obtain and provide

---

[3] Consistent with the Ninth Circuit's instructions in *Majoy*, the Court will await the conclusion of the evidentiary hearing before addressing, if necessary, Respondent's contention that there is no innocence exception, or, if there is, that it includes a due diligence component.

**ORDER - 8**

transcripts from the hearing on Petitioner's entry of his *Alford* plea and from the subsequent sentencing hearing, as these transcripts will likely have some bearing on the issues before the Court.  *See* Rule 5(c) of the Rules Governing Section 2254 Cases (the court may order Respondent to provide "parts of untranscribed recordings be transcribed and furnished").

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 8) is DENIED without prejudice.  The Court will revisit whether the case must be dismissed after conducting an evidentiary hearing.

IT IS FURTHER ORDERED that Respondent shall obtain transcripts from the following hearings in state court:  (1) May 4, 1998 (entry of Petitioner's *Alford* plea); (2) July 6, 1998 (sentencing).  Respondent shall supplement the current state court record with copies of these transcripts on or before December 12, 2007.

IT IS FURTHER ORDERED that an evidentiary hearing is set to commence at 10:00 a.m. on January 8, 2008.  If necessary, the hearing shall continue and conclude on January 9, 2008.

IT IS FURTHER ORDERED:

1. The Court finds good cause for the parties to engage in discovery related to the issues to be tried at the evidentiary hearing, if necessary.  Rule 6(a) of the Rules Governing Section 2254 Cases.  All discovery shall be completed on or before December 12, 2007.  The parties shall confer on discovery

       matters before seeking Court intervention.

2.      On or before December 21, 2007, the parties shall exchange all hearing exhibits and witness lists, and shall file exhibit and witness lists with the Court, consistent with Rule 26(a)(3) of the Federal Rules of Civil Procedure. Witness lists shall include a summary of the expected testimony. Preparation of the exhibits and exhibit lists shall follow the guidelines in Local Rule 16.3(f). Petitioner shall use exhibit numbers 1-999. Respondent shall use exhibit numbers 1000-1999.

3.      On or before January 4, 2008, the parties shall file a notice with the Court indicating which exhibits on the other party's list can be admitted by stipulation, and indicating any objections to the other side's exhibits. On that same date, the parties shall provide the Court with an original and two copies of the pre-marked exhibits.

IT IS FURTHER ORDERED that no later than 30 days after the completion of a hearing transcript, the parties shall file simultaneous briefing with the Court. Replies shall be due within 14 days of receiving an opposing party's brief.

DATED: **October 11, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER - 10**

**ORDER - 11**